ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV 20 AM 9: 16
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NOBLE BLACKERBY, )
)
    Plaintiff, )
)
v. ) CV 307-041
)
BILLY BROWN, Warden, Dodge State )
Prison, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff, an inmate incarcerated at the Dodge State Prison in Chester, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

    Accordingly, on September 20, 2007, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 7). Plaintiff has submitted an amended complaint (doc. no. 8), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names Billy Brown, Warden of Dodge State Prison, as Defendant. (Doc. no. 8, pp. 1 & 4). Plaintiff submits that Defendant Brown has failed to protect him, slandered him, defamed him, discriminated against him, punished him for Defendant Brown's mistake, subjected him to cruel and unusual punishment, retaliated against him for expressing his rights, and harassed him. (Id. at 9).

Plaintiff alleges that, on June 1, 2007, he met with Defendant Brown concerning a letter Plaintiff previously wrote to Defendant Brown describing his prior work as a confidential informant, threats he had received from other inmates for helping law enforcement, and his request for a transfer. (Id. at 5). According to Plaintiff, Defendant Brown acted inappropriately during the meeting by "judging and slandering Plaintiff," calling Plaintiff a liar, and threatening to confine Plaintiff in isolation. (Id. at 5-7).

Plaintiff contends that, on June 19, 2007, he was called to "Mr. Rogers[']s Office" to discuss "these same facts of the threats." (Id. at 7). According to Plaintiff, "Mr. Rogers" informed Deputy Warden McNeil of "these facts" and stated "if you work with Mr. McNeil on drugs in the prison . . . Mr. McNeil would give you a transfer quicker." (Id.). Plaintiff contends that, after he left "Mr. Rogers's" Office, he met with Deputy Warden McNeil, who "did seem a little more concerned" about the alleged threats to Plaintiff's safety, but nothing was done. (Id.).

Plaintiff alleges that, on June 29, 2007, he was called to his counselor's office. (Id. at 7). According to Plaintiff, he informed his counselor of "these issues of facts," but his counselor did nothing. (Id.). Plaintiff contends that, during this meeting, he informed his counselor that he filed a grievance against Defendant Brown "on the grounds of his allegations made against Plaintiff on June 1, 2007." (Id.).

Plaintiff further alleges that, on August 11, 2007, he was assaulted by Anthony Bettis, another inmate at Dodge State Prison. (Id. at 8). According to Plaintiff, after he was taken to "Medical" and examined by two nurses, he was placed in isolation for fourteen (14) days without receiving a "DR." (Id.). Plaintiff contends that he was kept in isolation for eight (8) more days than Inmate Bettis. (Id.). Plaintiff maintains that, after he was released from isolation on August 24, 2007, he filed a grievance "on this assault and for being placed in isolation for expressing his right to come forward with the assault, and concerning the fact that Plaintiff did in fact speak and report these facts back in June 2007. . . ." (Id.). Plaintiff contends that, after the August 24th Grievance was denied by Tina Sanders, he mailed it to "Mrs. Candice Fratwell over Complaints/Harassments" on August 31, 2007. (Id.). On September 19, 2007, Plaintiff asserts that he was called to Deputy Warden McNeil's Office "concerning the complaint," and as a result, he was placed in isolation for expressing his right to grieve the issue. (Id. at 9). Plaintiff submits that he is being punished "for the Warden's negligence going all the way back to June 1, 2007." (Id.).

As relief, Plaintiff seeks an unspecified amount of compensatory and punitive damages. (Id. at 6). Plaintiff asks that Defendant Brown apologize for "being negligent," calling Plaintiff a liar, and threatening Plaintiff. (Id.). Plaintiff also requests to be removed

3

from isolation, transferred "out of harms way," and examined by a psychiatrist. (Id.). Lastly, Plaintiff wants the Court to order an investigation of Defendant Brown and the nine (9) inmate deaths at Dodge State Prison in the past eighteen (18) months. (Id.).

## II. SCREENING OF COMPLAINT

### A. Original Defendants Removed from Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 7, p. 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all defendants in the caption and the body of the amended complaint. (Id. at 5). Upon review of the amended complaint, the Court finds that Plaintiff no longer names two of the original defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants FNU Fuqua and FNU Cason, the Court **REPORTS** and **RECOMMENDS** that these two (2) defendants be **DISMISSED** from this lawsuit.

### B. Failure to Protect Claim

Plaintiff alleges that he informed Defendant Brown that, as a result of his prior work with law enforcement, he had received threats from other inmates, that Defendant Brown neglected to act on the information, and that he was later attacked by Inmate Bettis. To properly state a claim based upon an Eighth Amendment violation, a complaint must allege facts from which one could conclude that the defendant was "subjectively aware of the substantial risk of serious harm" and deliberately ignored it. Farmer v. Brennan, 511 U.S.

4

825, 834-38 (1994). "[M]ere[] negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Here, Plaintiff does not suggest that Defendant Brown was subjectively aware that Inmate Bettis posed a substantial risk of seriously harming Plaintiff. Furthermore, Plaintiff fails to indicate whether the alleged attack stemmed from the assistance that he purportedly provided law enforcement. As such, Plaintiff fails to state a claim against Defendant Brown for deliberate indifference to a substantial risk of serious harm. See Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) ("Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists . . . .").

## C. *Respondeat Superior* Claims

To the extent Plaintiff blames Defendant Brown, as Warden of Dodge State Prison, for the alleged constitutional violations of other individuals, such an allegation fails to state a claim upon which relief can be granted. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, although Plaintiff

contends that he informed Defendant Brown of threats received from other inmates, Plaintiff has not alleged that Defendant Brown was personally involved, or even knew about, his August or September 2007 confinement in isolation or conversations Plaintiff had with other prison officials concerning alleged threats from other inmates.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Brown and the alleged constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has not alleged the necessary causal connection, with respect to Defendant Brown, to hold him liable for the alleged constitutional violations of other individuals. Plaintiff has proffered no facts suggesting that Defendant Brown was

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

responsible for a custom or policy which resulted in Plaintiff's confinement in isolation or the alleged failure to protect Plaintiff. Although Plaintiff contends that he is "being punished for the Warden's negligence going all the way back to June 1, 2007" (doc. no. 8, p. 9), Plaintiff has not alleged that Defendant Brown knew about any widespread abuses concerning confinement in isolation or the safety of inmates at the prison. Simply put, Plaintiff's conclusory accusations are insufficient to demonstrate that there was a causal connection between Defendant Brown's actions and the alleged constitutional violations. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights . . . actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). As such, Plaintiff has failed to state a claim against Defendant Brown based on his position as Warden of Dodge State Prison.[2]

## D. State Law Claims

Moreover, because Plaintiff has failed to state a federal constitutional claim, this Court has no jurisdiction to entertain his remaining potential state law claims. This Court derives its authority to decide Plaintiff's § 1983 federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitu-

---

[2]The Court notes that Plaintiff has commenced another action, concerning the allegations forming the basis of this complaint, against Ms. Candice Fratwell and Deputy Warden McNeil. Noble v. McNeil, Civil Case No. 307-071 (S.D. Ga. Oct. 15, 2007).

tion." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

<u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); <u>Rice v. Branigar Org., Inc.</u>, 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants FNU Fuqua and FNU Cason be **DISMISSED** from this case, that Plaintiff's failure to protect and *respondeat superior* claims be **DISMISSED**, that Plaintiff's potential state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE